11-4359-cv
G.I. Home Developing Corp. v. Weis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of October, two thousand twelve.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

--------------------------------------------------------------------------------
G.I. HOME DEVELOPING CORP.,

                    *Plaintiff-Appellant*,

          v.                                            No. 11-4359-cv

JOHN WEIS, Chief Zoning Inspector of the Building Division of the Town of Brookhaven, ARTHUR GERHAUSER, Chief Building Inspector, BUILDING DEPARTMENT, Town of Brookhaven, ZONING BOARD OF APPEALS, Town of Brookhaven, BRENDA A. PRUSINOWSKI, Deputy Commissioner of the Department of Planning, Environment, and Land Management of the Town of Brookhaven, DAVID WOODS, Commissioner of the Department of Planning, Environment & Land Management of the Town of Brookhaven, DEPARTMENT OF PLANNING, ENVIRONMENT, & LAND MANAGEMENT, Town of Brookhaven, TOWN OF BROOKHAVEN,

                                            *Defendants-Appellees*.

--------------------------------------------------------------------------------

APPEARING FOR APPELLANT:    WILLIAM D. WEXLER, Esq., North Babylon, New York.

APPEARING FOR APPELLEES:    DAVID H. ARNTSEN (Diane K. Farrell, *on the brief*), Devitt Spellman Barrett, LLP, Smithtown, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 28, 2011, is AFFIRMED.

Plaintiff G.I. Home Developing Corp. ("G.I.") appeals from an award of summary judgment on its procedural due process claims brought under 42 U.S.C. § 1983 relating to (1) the loss of G.I.'s certificate of zoning compliance ("CZC") to operate a public garage on its property in Brookhaven, New York; and (2) criminal citations issued to G.I. on November 5, 2007, for alleged violations of Brookhaven's zoning laws. We review an award of summary judgment de novo, viewing the record evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. See Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012). In evaluating plaintiff's procedural due process claims, we analyze (1) whether plaintiff possessed a protected liberty or property interest, and, if so, (2) what process plaintiff was due before it could be deprived of that interest. See Adams v. Suozzi, 517 F.3d 124, 127 (2d Cir. 2008). Here, the parties do not dispute that G.I. possessed a property interest in the continued validity of its CZC. Thus, the

2

only question on appeal is whether G.I. raised a triable factual issue as to the adequacy of the process it was afforded. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated by the district court in its thorough and well-reasoned opinion.

1.   Weis's Unauthorized Action

In assessing a state or local government's compliance with procedural due process, we distinguish between (1) claims based on established governmental procedures, and (2) claims based on random or unauthorized acts by public employees. See Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d 458, 465 (2d Cir. 2006). In the former case, the government may have to provide a pre-deprivation hearing because it can predict when the deprivation of a liberty or property interest will occur. By contrast, when the deprivation is the result of random or unauthorized acts, defendants will satisfy procedural due process "so long as [they] provide[] [a] meaningful post-deprivation remedy." Id. (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). G.I. contends that a genuine factual dispute remains as to whether Brookhaven's Chief Zoning Inspector, John Weis, was authorized to send the June 20, 2007 letter informing G.I. that it had lost its CZC and that it could reapply to the Board of Zoning Appeals ("BZA") for a new CZC. We are not persuaded.

The record, even when viewed in the light most favorable to G.I., conclusively shows that Weis was not authorized to revoke the CZC. Weis's uncontradicted deposition

3

testimony demonstrates that he knew he was not authorized to revoke the CZC, and that he wrote the letter only because he thought it would assist G.I. in maintaining its CZC after obtaining approval from the BZA to subdivide its property. Indeed, the June 20, 2007 letter was the first and only such memorandum Weis had written in nearly 20 years of service as Chief Zoning Inspector. Ultimately, on October 2, 2007, the Town wrote a new letter to G.I. indicating that its CZC was still valid and that the Weis memorandum was "of no force and effect," J.A. 308, further evincing that Weis was not authorized to revoke G.I.'s CZC.

G.I. nonetheless maintains that the record suggests that Weis was authorized to revoke G.I.'s CZC. It first observes that the letter effectively terminated its CZC, and it insists that this could only have been possible if Weis were authorized to carry out the revocation. We reject this circular argument. If, as G.I. submits, a deprivation of a property interest could not occur unless authorized, there would exist no such thing as an unauthorized deprivation, rendering meaningless the basic distinction drawn by the Supreme Court in Parratt v. Taylor, 451 U.S. 527, 541–43 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986), and Hudson v. Palmer, 468 U.S. at 532–33.

G.I. next points to Weis's use of Town of Brookhaven stationery in writing the letter. But Weis's use of official letterhead is insufficient by itself to demonstrate that he was authorized to revoke a CZC. See Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 881 (2d Cir. 1996) (concluding that official letter blacklisting city contractor was unauthorized because it was written by officer who lacked final authority to

4

do so). G.I. also emphasizes that Weis was authorized to give opinions in response to inquiries about the application of Brookhaven's zoning code. This is no help to G.I., however, because Weis's authority to render an opinion is distinguishable from the separate authority to revoke a CZC—authority which, the record unequivocally shows, was limited to Brookhaven's building inspectors.

G.I. notes that, prior to authoring the June 20, 2007 letter, Weis was informed by other Planning Department officials that G.I.'s CZC was no longer valid. This fact would not allow a factfinder to conclude that the revocation by Weis was authorized because, under the Town of Brookhaven's law, the Planning Department lacked any authority to revoke a CZC. Rather, that authority rested with the Building Department. Nor is there any evidence that the Planning Department was relaying a directive from the Building Department to revoke G.I.'s CZC.

Finally, G.I. contends that Brookhaven authorized Weis's revocation of the CZC ex post facto when it cited G.I. for violating the Brookhaven zoning code in November 2007. However, there is no evidence in the record that the investigator who cited G.I. ever saw or relied upon Weis's June 20, 2007 letter. Weis's purported revocation of its CZC was irrelevant to the Town's subsequent commencement of criminal proceedings.

Accordingly, we identify no genuine dispute of material fact as to whether Weis was unauthorized to revoke G.I.'s CZC in his June 20, 2007 letter.

5

2.      Adequacy of the Article 78 Proceeding

Because there is no genuine dispute that Weis's June 20, 2007 letter was unauthorized, G.I. can prevail on its due process claims only if it can show that the post-deprivation proceeding—here, an Article 78 proceeding in New York state court—was inadequate.  See Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d at 465.  We have previously held that an Article 78 proceeding is sufficient post-deprivation process for an unauthorized deprivation of property.  See, e.g., Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d at 881.  Nevertheless, G.I. urges a different conclusion alleging that, in August or September 2007, the BZA informed G.I. that there would be no hearing on its variance application relating to its planned subdivision so long as the Article 78 proceeding remained pending.  G.I. claims that this statement compelled G.I. to withdraw its Article 78 petition, thereby rendering the Article 78 proceeding inadequate post-deprivation process.  We reject this argument for lack of admissible evidence to support it.

At the outset, it is not clear from the record that G.I. had even requested a hearing on its variance application before the BZA.  G.I.'s representative, Michelle Janlewicz, testified at her deposition that she could not recall whether she had requested a hearing.  At best, she was only "40 percent certain or 50 percent certain" that she sent such a request to the BZA, App. 169, and defendants dispute ever receiving it.  But even assuming, as we must, that a jury would credit Janlewicz's testimony that she did request a hearing, G.I. points us to no admissible evidence supporting the further finding that the BZA compelled G.I. to withdraw its Article 78 petition.

6

The only evidence that the BZA conditioned a variance hearing on G.I.'s withdrawal of its Article 78 petition is inadmissible hearsay. See Fed. R. Evid. 802. Specifically, Frank Iacobelli, G.I.'s proprietor, maintains that Janlewicz told him (based on what she purportedly learned from the BZA) that the BZA hearing was dependent on G.I. "solv[ing] the Article 78." App. 77. There is no evidence from Janlewicz, even though she was deposed, or from any Brookhaven official to substantiate Iacobelli's assertion. We agree with defendants (and the district court) that G.I. cannot sustain its burden in opposing summary judgment by relying on this kind of inadmissible hearsay evidence. See Fed. R. Civ. P. 56(c)(2), (e)(3); Patterson v. Cnty. of Oneida, 375 F.3d 206, 219 (2d Cir. 2004). Because G.I. has not offered, or even suggested the existence of, any admissible evidence showing that the BZA compelled it to withdraw its Article 78 petition, defendants were entitled to summary judgment.

3.    Conclusion

Accordingly, we conclude that defendants were entitled to summary judgment on plaintiff's procedural due process claims. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7